**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5208**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

ABEL CASTILLO RANGEL,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:95-cr-00486-CMH-4)

Submitted: September 15, 2011        Decided: October 26, 2011

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Edwin F. Brooks, EDWIN F. BROOKS, LLC, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Kara Martin Traster, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Abel Castillo Rangel of conspiracy to possess with intent to distribute and distribute marijuana, in violation of 21 U.S.C. § 846 (2006); possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a) (2006); and distribution of marijuana, in violation of 21 U.S.C. § 841(a). The district court sentenced Rangel to 121 months of imprisonment and he now appeals. Finding no error, we affirm.

Rangel first argues that there was insufficient evidence to support the convictions. We review a district court's decision to deny a Rule 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216 (citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted).

Moreover, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

In order to prove that Rangel conspired to possess with intent to distribute and distribute marijuana, the Government needed to show (1) an agreement between two or more persons, (2) that Rangel knew of the agreement, and (3) that Rangel knowingly and voluntarily joined the conspiracy. United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc) (citations omitted). However, "a conspiracy may be proved wholly by circumstantial evidence," and therefore may be inferred from the circumstances presented at trial. Id. at 858. To establish possession with intent to distribute, the Government had to prove that Rangel (1) knowingly, (2) possessed the marijuana, (3) with the intent to distribute it. Id. at 873. Possession can be actual or constructive and, "[l]ike conspiracy, [c]onstructive possession may be established by either circumstantial or direct evidence." Id. (internal quotation marks omitted).

Finally, to prove that a person distributed a controlled substance, "the prosecution is obliged to prove that (1) [the] defendant knowingly or intentionally distributed the controlled substance alleged in the indictment, and (2) at the time of such distribution the defendant knew that the substance distributed was a controlled substance under the law." United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005) (internal quotation marks and citation omitted). We have thoroughly reviewed the record and conclude that the Government presented sufficient evidence of Rangel's guilt of the offenses of conviction.

Rangel next argues that the district court erred by allowing a witness to testify to alleged hearsay statements of a confidential informant, in violation of his right under the Confrontation Clause of the Sixth Amendment. As Rangel failed to object to this testimony at trial, this issue is reviewed for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). To meet this standard, Rangel must demonstrate that there was error, that was plain, and that affected his substantial rights. Id. Moreover, even if Rangel demonstrates plain error occurred, we will not exercise discretion to correct the error "unless the error seriously affect[s] the fairness, integrity or public reputation

4

of judicial proceedings." Id. (internal quotation marks and citation omitted).

"The Sixth Amendment to the United States Constitution . . . provides that [i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527, 2531 (2009) (internal quotation marks and citation omitted). The Confrontation Clause "guarantees a defendant's right to confront those who bear testimony against him," and, therefore, a witness' testimony is "inadmissible unless the witness appears at trial or, if the witness is unavailable, the defendant had a prior opportunity for cross-examination." Id. (quoting Crawford v. Washington, 541 U.S. 36, 51, 54 (2004)) (internal quotation marks omitted). However, "the [Confrontation] Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." Crawford, 541 U.S. at 59 n.9 (citing Tennessee v. Street, 471 U.S. 409, 414 (1985)). We conclude that the district court did not plainly err in allowing the testimony regarding the confidential informant's statements because the statements were not offered to prove the truth of the matters asserted.

Accordingly, we affirm the judgment of the district court. We also deny Rangel's motion to file a pro se supplemental brief. We dispense with oral argument because the

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED